## LA ESCOESSO.

(District Court, D. New Jersey. May 26, 1902.)

1. TUG AND TOW—SINKING OF TUG BY CAPSIZING OF TOW—IMPROPER BALLAST-ING.

A bark in ballast, while being towed by two tugs, capsized, sinking one of the tugs. The weather was no worse than should have been anticipated at the season. *Held*, on evidence showing the tugs to have been without fault, and that the accident was due to the failure of the bark to provide herself with sufficient and proper ballast, that she was liable for the injury to the tug.

In Admiralty. Suit against tow to recover for injury to tug.

Linsly Rowe, for libelant.

Wing, Putnam & Burlingham, for claimant.

KIRKPATRICK, District Judge. The Escoesso, while being towed by the libelant's tugs from the Erie Basin towards the Arthur Kills, capsized in a squall of wind. In so doing she caused the tug which was fastened to her port side to sink, and it is for this damage that the libel is filed. The Escoesso filed a libel in the Southern district of New York for the damages which she sustained by the overturning, alleging negligence on the part of the tug. The matter was heard by Judge Brown, and he, after due consideration of the evidence, decided that the tug was faultless. The W. J. McCaldin (D. C.) 35 Fed. 330. In this finding I concur. A consideration of the evidence shows that the bark was in ballast, and, in order to render her more steady, the master ordered logs, supposed to be equivalent to 150 tons of interior ballast, placed alongside the ship to serve instead. At the commencement of the trip the wind was not very strong, but increased as they progressed, and when near the kills the bark was struck by a sudden squall and capsized. This was due, no doubt, to the insufficiency of the ballast with which the bark had supplied herself. The squall does not appear from the evidence to have been such a one as, considering the season of the year, and the character of the weather at starting, might not have been expected, and certainly not such a one as, under the circumstances, it was not the duty of the bark to have guarded against. It was the duty of the bark to provide itself with sufficient ballast for the voyage, and with that sufficiency the tugs had nothing whatever to do. They had a right to presume that the bark was seaworthy, and, if there had been any real apprehension by the master of the bark of the sufficiency of the ballast, he ought, as Judge Brown says, "to have called the subject specifically to the attention of the tug captain, which he did not do." The tugs have been adjudged, in a suit between these parties, to have been without fault, and the claimant is estopped from setting up that defense in this suit. Regarding the tugs as blameless, the injuries sustained by the tugs must be attributed to the negligence of the bark in not providing sufficient ballast. In consequence of this fault, she must be held answerable.

Decree should be for libelant.